IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID R. HARRIS, )
 )
            Plaintiff, )
 )
v. ) Case No. CIV-08-246-RAW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
            Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff David R. Harris (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 7, 1958 and was 48 years old at the time of the entry of the ALJ's decision. Claimant completed his education through the twelfth grade. Claimant has worked in the past as a convenience store clerk and animal caretaker. Claimant alleges an inability to work beginning April 22, 2002 due to severe degenerative arthritis and left knee replacement and cardiac problems.

## Procedural History

On June 10, 2002, Claimant protectively filed for disability insurance benefits under Title II of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 25, 2004, a hearing was held before ALJ Bennett. By decision dated December 17, 2004, the ALJ found that Claimant was not disabled during the relevant period. On May 24, 2004, the Appeals Council granted Claimant's request for review and remanded the case back to the ALJ for further proceedings.

On November 14, 2005, Claimant testified at a supplemental hearing before ALJ Weber. On May 22, 2006, the ALJ issued an unfavorable decision. On September 28, 2008, the Appeals Council again granted Claimant's request for review of the ALJ's decision.

On September 25, 2007, Claimant testified a third time before ALJ Kim Parrish. On November 30, 2007, the ALJ issued another unfavorable decision. On May 1, 2008, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and

retained the residual functional capacity to perform a full range of sedentary work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to explain the weight given to certain medical opinions and failing to discuss significantly probative evidence.

### Medical Opinion Evidence

Claimant first developed degenerative arthritis in his left knee in 1991. On April 26, 1994, Claimant underwent total knee replacement as a result of the condition. (Tr. 110-114).

On September 26, 2002, Claimant underwent a consultative examination with Dr. Dennis Whitehouse. Claimant reported he had undergone four surgeries and still endured pain in both knees. Claimant was noted as obese at 250 pounds. Claimant's range of motion in both knees was "surprisingly good." (Tr. 128-29).

On September 27, 2002, Claimant reported for treatment from Dr. Michael Carnahan suffering from chest pain and shortness of breath. A heart catheterization revealed blockage and moderate coronary artery disease. (Tr. 181-82).

On February 10, 2004, Dr. Carnahan prepared a Medical Assessment of Ability to Do Work Related Activities (Physical) on Claimant. He stated Claimant could set for 4 hours in a workday for 30 minutes at a time, stand for one hour in a workday for 10

5

minutes at a time, walk for 2 hours of a workday for 15-20 minutes at a time. Claimant's lifting was restricted to less than 10 pounds and he could not push or pull arm controls. He could not work an 8 hour day at any level and could not use foot controls due to his knee replacement. (Tr. 209).

On January 6, 2004, Claimant was found to need stents or heart bypass surgery but had no insurance. (Tr. 193).

On July 6, 2004, Claimant underwent a consultative examination by Dr. John A. Saidi. (Tr. 194). Dr. Saidi prepared a Medical Source Statement of Ability to Do Work Related Activities (Physical) on Claimant. He found Claimant was restricted to 20 pounds occasionally lifting and 10 pounds doing so frequently. He opined Claimant could stand and/or walk for at least 2 hours in an 8 hour workday, sit about 6 hours, and was limited in his pushing and pulling ability in both his upper and lower extremities. Claimant was evaluated to occasionally climb, balance, kneel, crouch, crawl, and stoop. Dr. Saidi also restricted Claimant in his ability to deal with temperature extremes, dust, humidity, work hazards, and fumes.(Tr. 202-05).

On November 2, 2006, Claimant underwent another heart catheterization with 30% obstruction and normal heart function. (Tr. 421-30).

On February 23, 2008, Claimant's records were reviewed by Dr.

6

Thomas Atkinson. He concluded with regard to Claimant's heart condition that he needed a standard Bruce Protocol Stress Test to see the status of his angina. Dr. Atkinson concluded that he believed Claimant most probably had a functional angina that threatened large portions of his myocardium. (Tr. 431-32).

A mixture of treating, examining but non-treating, and non-examining and non-treating physicians' opinions are at issue in the ALJ's decision. It is well-established that treating physicians are entitled to the greatest level of deference. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The

7

factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Dr. Carnahan was Claimant's treating physician. The ALJ rejected Dr. Carnahan's assessment of Claimant's condition, contending it was apparently based upon Claimant's subjective

complaints and Claimant's determination not to work. The ALJ had no basis to make this finding in the objective medical records. His statements constitute bald-faced unsupported supposition, the likes of which requires reversal of this case once again for reassessment of the treating physician's opinions in light of the Watkins criteria. The ALJ shall make specific findings under that rubric.

The ALJ also apparently gave Dr. Saidi, a consultative examiner's opinion controlling weight. (Tr. 34). Only a treating physician is entitled to such deference. This, too, requires reversal and remand for reconsideration.

Additionally, certain portions of Dr. Saidi's opinion is inconsistent with the ALJ's findings with regard to Claimant's RFC. Dr. Saidi found Claimant was limited in his ability to push and pull - a limitation inconsistent with the ALJ's RFC finding. An ALJ cannot pick and choose which portions of a medical opinion he may adopt. Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). Further explanation shall be provided on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 21st day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE